UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHAWN HART,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), OFFICER SOUSE, ACTING WARDEN PALLARES,<br><br>        Defendants. | Case No. 1:23-cv-00977-JLT-HBK (PC)<br><br>ORDER DISCHARGING JULY 31, 2025 AND AUGUST 5, 2025 SHOW CAUSE ORDERS<br><br>ORDER NOTING VOLUNTARY DISMISSAL OF OFFICER SOUSA UNDER RULE 41(a)(1)(A)(i) AND FINDING DEFENDANT CDCR'S MOTION TO DISMISS MOOT<br><br>(Doc. No. 21) |

      Plaintiff Rayshawn Hart is a state prisoner proceeding through counsel on her First Amended Complaint for Violation of Civil and Constitutional Rights under 42 U.S.C. § 1983. (Doc. No. 10, "FAC"). On October 1, 2024, Defendant California Department of Corrections and Rehabilitation ("CDCR") moved to dismiss the claims against it. (Doc. No. 21). On January 6, 2025, in response to orders by the Court instructing her to clarify which Defendants remained in the case and which Defendants she wished to voluntarily dismiss (*see* Doc. Nos. 26, 27), Plaintiff requested that the Court voluntarily dismiss CDCR but allow Defendant Michael Pallares to remain as a defendant.[1] (Doc. No. 29).

---

[1] Plaintiff also requested that Officer Gregory Rodriguez remain as a Defendant. (Doc. No. 29). However, as the Court noted in its July 31, 2025 order to show cause, Rodriguez is not a named defendant in this action. (Doc. No. 32 at 2; *see* Doc. No. 10). In addition to Does 1-30, Plaintiff's Amended Complaint named only the State of California,

1    On July 31, 2025, the undersigned ordered Plaintiff to show cause why Defendant Officer Sousa should not be dismissed under Federal Rule of Civil Procedure 4(m).  (Doc. No. 32).  In the same order, the Court noted the voluntary dismissal of CDCR.  (*Id.* at 2). On August 5, 2025, the Court ordered Plaintiff to show cause why Defendant Michael Pallares should also not be dismissed under Federal Rule of Civil Procedure 4(m).  (Doc. No. 34).  On August 14, 2025, Plaintiff filed a return of service indicating Pallares had been served on August 13, 2024.  (Doc. No. 35).  The same day, Plaintiff filed a response to the show cause order indicating she had "no objection to the dismissal of Officer Sousa," but because Pallares had been served, he should not be dismissed.  (Doc. No. 37).  Pallares has since appeared in this action by filing a motion to dismiss.  (Doc. 40).

A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Here, no party has answered or moved for summary judgment.  (*See* docket).  Thus, the Court construes Plaintiff's indication that she only wished Pallares to remain as a defendant (Doc. No. 29) and her subsequent indication that she did not object to Sousa's dismissal (Doc. No. 37) as a notice of voluntary dismissal under Rule 41 of Officer Sousa.  The Court will direct the Clerk of Court to correct the docket to reflect the Rule 41 dismissal of Officer Sousa.

Additionally, while CDCR's motion to dismiss remains pending, Plaintiff's voluntary dismissal of CDCR moots the issues presented in the motion.

Accordingly, it is **ORDERED**:

1. The July 31, 2025 and August 5, 2025 Show Cause Orders (Doc. Nos. 32, 34) are discharged.

2. The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal of Defendant Officer Sousa.

3. Based on the previously noted voluntary dismissal of the State of California and

---

California Department of Corrections (CDCR), Acting Warden Michael Pallares, and Officer Souse as defendants. (Doc. No. 10 at 3, ¶¶ 6-9).

|   |   |   |
|---|---|---|
| 1 |    | CDCR, CDCR's motion to dismiss is moot.  (Doc. No. 21). |
| 2 | 4. | The Clerk of Court shall correct the caption of the docket to reflect that this case remains pending only as to Defendant Pallares. |
| 4 | 5. | Pursuant to Local Rules 302(a) and (c)(17), Defendant Pallares's motion to dismiss (Doc. No. 40 ) filed on 9/16/2025 is RESET before Magistrate Judge Helena Barch-Kuchta and the October 21, 2025 hearing on the motion to dismiss before District Judge Jennifer Thurston is VACATED. |
| 8 | 6. | Pursuant to Local Rule 230(g), the Court deems the motion suitable for decision without oral argument, subject to the Court reopening the matter for oral argument after further review of the pleadings.   The hearing date will continue to govern the deadlines for opposition and reply briefs under Local Rules 230(c), (d). |

DONE AND ORDERED:

Dated:    September 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE