UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHAWN HART,<br><br>          Plaintiff,<br><br>     v.<br><br>WARDEN PALLARES,<br><br>          Defendant. | Case No. 1:23-cv-00977-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS BUT GRANT PLAINTIFF LEAVE TO AMEND[1]<br><br>(Doc. No. 40)<br><br>FOURTEEN DAY DEADLINE |

   Plaintiff Rayshawn Hart is a state prisoner proceeding through counsel on her First Amended Complaint for Violation of Civil and Constitutional Rights under 42 U.S.C. § 1983. (Doc. No. 10, "FAC"). Defendant Michael Pallares filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) om September 16, 2025. (Doc. No. 40, "Motion"). Plaintiff did not file any opposition and the time to do so has expired. Local Rule 230(c). The undersigned recommends that the district court grant Defendant's Motion.

**I.     BACKGROUND**

   **A.   Case Initiation and the FAC**

   On June 23, 2023, Plaintiff and five other inmates initiated an action by filing a complaint

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal.).

1  against multiple defendants. (Doc. No. 2). Subsequently, the Court severed the case into six
2  separate actions and ordered each Plaintiff to file an amended complaint. (Doc. No. 1). Plaintiff
3  filed her FAC on August 14, 2023, naming the following Defendants: State of California,
4  California Department of Corrections and Rehabilitation ("CDCR"), Acting Warden Michael
5  Pallares, Officer Sousa, and Does 1 to 30. (Doc. No. 10 at 3, ¶¶ 6-10). On October 1, 2024,
6  Defendant California Department of Corrections and Rehabilitation ("CDCR") moved to dismiss
7  the claims against it. (Doc. No. 21). On April 29, 2025, Plaintiff voluntarily dismissed the State
8  of California and CDCR as Defendants. (Doc. Nos. 29, 32). On July 31, 2025, the undersigned
9  ordered Plaintiff to show cause why Defendant Officer Sousa should not be dismissed under
10 Federal Rule of Civil Procedure 4(m). (Doc. No. 32). On August 14, 2025, Plaintiff voluntarily
11 dismissed Sousa as a Defendant. (Doc. Nos. 37,[2] 41). Thus, this case remains pending against
12 only Defendant Pallares, who is sued in his individual capacity. (Doc. No. 10 at 3, ¶ 8).

13       The FAC alleges that while Plaintiff was incarcerated at CDCR's Central California
14 Women's Facility ("CCWF"), "at various and repeated times in late 2022," "various CCWF
15 employees, officers and other CDCR employees, including but not limited to Officer Sousa and
16 Warden Pallares, forced, coerced, intimidated and threatened [Plaintiff] that if she did not
17 perform sexual acts with those men that they would take punitive action against her including
18 placing her in solitary confinement or (Ad Seg), or other punitive and uncomfortable
19 punishments." (*Id.* at 5, ¶ 18). "The Defendants touched [Plaintiff] in a sexual manner on
20 multiple occasions and engaged in sexual conduct for their own sexual gratification. The
21 Defendants performed these acts for the purpose of humiliating, degrading and demeaning Ms.
22 Hart. The acts occurred during the year 2021."[3] (*Id* at 6, ¶ 23). Plaintiff faults Defendants
23 California, CDCR and Defendant Pallares for "not properly investigat[ing] prior claims of sexual

---

[2] Plaintiff in agreeing to the dismissal of Officer Souses stated he was "alerted by counsel for Warden Pallares that there was no Officer Sousa in the CDCR system at the time of the allegations of Ms. Hart." (Doc. No. 37 at 2, ¶ 3). In the instant Motion, "[n]either defense counsel Deputy Attorney General Glantz nor Deputy Attorney General Mark recall any such contact with Plaintiff's counsel concerning Defendant Sousa." (Doc. No. 40-1 at 3, fn. 3).

[3] Plaintiff's earlier averment alleged that the events occurred in 2022. (*Compare* Doc. No. 10, ¶ 18 with ¶ 23).

harassment, physical and sexual assaults committed against inmates by Defendants at CCWF." (*Id*. at 7, ¶ 29).  She further alleges Defendants California, CDCR, as well as Defendant Pallares "made intentional decisions with respect to the individual co-defendants that allowed them to have unmonitored access to areas not subject to video surveillance or other monitoring." (*Id.* at 8, ¶ 31).

Based on these allegations, the FAC asserts four claims: (1) cruel and unusual punishment/excessive force against Pallares and Does 1-10; (2) right to bodily integrity against Pallares and Does 1-10; (3) failure to protect against Pallares and Does 11-20; and (4) supervisory liability against Pallares and Does 11-20.  (*Id.* at 6-10).

**B. Defendant's Motion**

On September 16, 2025, Pallares moved to dismiss the claims against him.  (Doc. No. 40). Defendant argues that Plaintiff's first claim for cruel and unusual punishment/excessive force fails because "an Eighth Amendment claim for sexual assault requires that the plaintiff allege the defendant touched the plaintiff in a sexual manner or otherwise personally engaged in sexual misconduct for the defendant's own gratification," but the FAC "contains no allegations that Warden Pallares used any force or touched [Plaintiff] at all, much less in a sexual manner, or otherwise engaged in any sexual misconduct with [Plaintiff]."  (*Id.* at 5).

Next, Defendant argues Plaintiff's Fourteenth Amendment right to bodily integrity claim is not cognizable because the Eighth Amendment governs convicted inmates' claims regarding alleged sexual assault.  (*Id.* at 6-7).  Further, Defendant argues that "even if the Court is inclined to recognize such a claim, it would fail as to Warden Pallares for the same reasons stated with respect to the Eighth Amendment claim, as [Plaintiff] has alleged no sexual touching or other sexual conduct by Warden Pallares."  (*Id.* at 7:7-9).  Defendant argues he is entitled to qualified immunity because "it is not clearly established that convicted inmates can state a 'bodily integrity' claim under the Fourteenth Amendment."  (*Id.* at 8-9).

Turning to Plaintiff's failure to protect claim, Defendant argues Plaintiff has not alleged sufficient facts to state a claim because she makes only vague and conclusory allegations but fails "to specify any particular act or omission of Warden Pallares that caused any injury to

3

[Plaintiff]." (*Id.* at 9:2-3). As to the supervisory liability claim, Defendant argues such fails because there is no *respondeat superior* liability under 42 U.S.C. § 1983 and the FAC does not allege "any facts plausibly suggesting that Warden Pallares was on notice of a substantial risk of sexual assault to Plaintiff." (*Id.* at 10:6-8). Defendant argues this failure to allege sufficient facts to support the claim also entitles him to qualified immunity. (*Id.* at 10-11). Finally, Defendant argues dismissal with prejudice is proper because Plaintiff has already had an opportunity to amend and any further amendment would be futile. (*Id.* at 11).

### C. Plaintiff's failure to Oppose Defendant's Motion to Dismiss

Plaintiff has not filed any opposition to Defendant's Motion. (*See* docket). The deadline for Plaintiff to file any opposition has long expired. *See* Local Rule 230(l) (E.D. Cal.). Under this Court's Local Rules, a "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Local Rule 230(c) (E.D. Cal.); *see, e.g., Robertson v. Cal. Dep't of State Hosps.-Sacramento*, 2023 WL 8190856, at *1 (E.D. Cal. Nov. 27, 2023) (noting that "a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition."). Despite Plaintiff's failure to oppose Defendant's Motion, the Court will address the merits of Defendant's Motion.

### II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the

4

1  complaint, as well as any reasonable inferences to be drawn from them).  *See also Starr v. Baca*,
2  652 F.3d 1202, 1216 (9th Cir. 2011) (distilling the *Iqbal* and *Twombly* principles in a Rule
3  12(b)(6) motion).
4       "Where a motion to dismiss is granted, a district court must decide whether to
5  grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and,
6  thus, leave to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ.*
7  *Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted).  However,
8  where leave to amend would be futile, because "the allegation of other facts consistent with the
9  challenged pleading could not possibly cure the deficiency," leave to amend may be denied.
10 *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).
11      **III.   ANALYSIS**
12          **A. Eighth Amendment Cruel and Unusual Punishment and Failure to Protect Claim**
13      Both Plaintiff's first claim for cruel and unusual punishment/excessive force and her third
14 claim for failure to protect arise under the Eighth Amendment, which "prohibits cruel and unusual
15 punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).
16 "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth
17 Amendment." *Id.* at 1046.  Additionally, under the Eighth Amendment, prison officials have an
18 affirmative obligation to protect prisoners from violence inflicted by others. *Farmer v. Brennan*,
19 511 U.S. 825, 833 (1994); *Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).
20 The failure of prison officials to protect inmates from attacks "may rise to the level of an Eighth
21 Amendment violation if prison officials know of and disregard a substantial risk of serious harm
22 to the plaintiff." *Thomas v. Hernandez*, No. 2:21-cv-01638-TLN-DMC-P, 2022 WL 1173339, at
23 *4 (E.D. Cal. Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036,
24 1040 (9th Cir. 2005)).  Accordingly, to state a failure to protect claim, the prisoner must establish
25 that the prison official was deliberately indifferent to a serious threat to the plaintiff's safety.
26 *Farmer*, 511 U.S. at 834.  Deliberate indifference includes both subjective and objective
27 components: "[a] prison official must be aware of facts from which the inference could be drawn
28 that a substantial risk of serious harm exists, and must also draw the inference." *Labatad*, 714

5

F.3d at 1160 (quoting *Farmer*, 511 U.S. at 837). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer*, 511 U.S. at 847).

As to Plaintiff's first cause of action, the FAC contains only vague, non-specific allegations against Pallares. Plaintiff's allegations that "various" unidentified "CCWF employees," "including, but not limited to" Warden Pallares forced or threatened Plaintiff with "punitive action" if she did not perform "sexual acts with those men," fails to adequately state a claim of sexual assault. *Carroll v. Vallejo Police Dep't*, No. 1:23-cv-00004-GSA-JLT(PC), 2023 WL 2775664, at *8 (E.D. Cal. Apr. 3, 2023) (finding allegations defendant sexually assaulted plaintiff, without more specific allegations, failed to state claim"); *Matthew v. Yellowstone Cnty.*, No. CV 16-00002-BLG-SPW-CSO, 2016 WL 3189690, at *8 (D. Mont. May 13, 2016) (finding bare allegation of sexual assault by an officer that lacked facts as to the circumstances and manner of the assault was conclusory and insufficient to state a claim), *report and recommendation* adopted, 2016 WL 3209626 (June 7, 2016); *Nelson v. Tewalt*, No. 1:24-CV-00333-BLW, 2024 WL 4494903, at *2 (D. Idaho Oct. 15, 2024) (finding prisoner's bare allegation of "sexual coercion" without any facts vague and failed to state a claim of sexual assault under the Eighth Amendment); *Woods v. Leavitt*, No. 2:16-CV-00371-JAD-CWH, 2016 WL 5890063, at *2 (D. Nev. Oct. 6, 2016) (allegations that defendants committed "torture, gross acts of sexual assault, and deprivation of life, liberty, and happiness" without any facts to support these allegations were "vague and conclusory allegations" and "do not state a claim for relief."

Similarly, Plaintiff's claim that "Defendants touched [Plaintiff] in a sexual manner on multiple occasions and engaged in sexual conduct for their own sexual gratification" violates Rule 8. (Doc. No. 10 at 6, ¶ 23). Under Rule 8, a complaint must allege facts sufficient to put the defendants on notice of the claims against them. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (stating that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Generally referring to "defendants" fails to put each individual defendant on adequate notice of the claims against them. *Elias v. Johnson*, No. 2:20-CV-07171-MWF-JC, 2025 WL 2019953, at *7 (C.D. Cal. May

6

1  29, 2025). Plaintiff must link each defendant to the alleged action or failure to act that gives rise
2  to her claim of sexual abuse. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)
3  (affirming dismissal of "shotgun pleading" that lacked specificity as to the allegations against
4  each individual defendant); *Jones v. Cnty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984). *See*
5  *also Harris v. Wells Fargo Bank, N.A.,* 2011 WL 6294249, *2 (E.D. Cal. 2011) ("Plaintiffs
6  allegations fail to satisfy the liberal pleading standards as set forth in [*Twombly*] and
7  [*Iqbal*]. Throughout the Complaint, Plaintiffs' allegations are confusing and conclusory, directed
8  generally at multiple Defendants without differentiating between the actions of one defendant and
9  another."). As noted, such pleading is an improper shotgun pleading. Shotgun pleadings occur
10 when: (1) one party pleads that multiple parties did an act, without identifying which party did
11 what specifically; or (2) when one party pleads multiple claims and does not identify which
12 specific facts are allocated to which claim. *Hughey v. Camacho*, 2014 WL 5473184, at *4 (E.D.
13 Cal. Oct. 23, 2014) (citing *In re Mortgages Ltd.*, 2013 WL 1336830, at *12 (Bankr. D. Ariz.
14 March 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). Courts forbid
15 shotgun pleadings because they do not enable a defendant to respond and lead to adverse
16 consequences. *See Mason v. County of Orange*, 251 F.R.D. 562, 563–64 (C.D. Cal. 2008)
17 (quoting *Anderson v. District Board of Trustees*, 77 F.3d 364, 366–67 (11th Cir. 1996) )
18 ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined,
19 discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer,
20 and society loses confidence in the court's ability to administer justice."); *see also Shehee v.*
21 *California*, No. 2:09-CV-02881 KJN P, 2010 WL 4880698, at *3 (E.D. Cal. Nov. 23,
22 2010), amended, No. 2:09-CV-02881 KJN P, 2011 WL 160391 (E.D. Cal. Jan. 18, 2011).
23       Further the FAC does not include with any specificity the date(s) of Pallares' alleged
24 wrongful conduct to state a cognizable claim. The FAC contains contradictory dates and
25 allegations "that at various and repeated times in late 2022" or that "[t]he acts occurred during the
26 year 2021." But allegations that wrongful conduct took place over an unspecified period violates
27 Rule 8. *Bunton v. City of Mendota Police Chief*, No. 1:23-cv-00211-SAB, 2023 WL 2898532, at
28 *8 (E.D. Cal. Mar. 8, 2023) (finding a plaintiff's claim that he was falsely arrested "numerous

times" between 2011-2012 insufficient to state a claim under Rule 8); *Cervantes v. Elsen*, 2023 WL 3483292 (N.D. Cal. May 15, 2023) (allegations that the misconduct occurred from 2022 to 2023 was not a specific date).

With regards to Plaintiff's second claim, the FAC is similarly devoid of facts to establish that Pallares acted with deliberate indifference to Plaintiff's safety. Plaintiff makes conclusory allegations that Pallares "did not properly investigate prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF." (Doc. No. 10 at 7, ¶ 29). However, the FAC is devoid of any facts as to when, how, or to whom Plaintiff reported previous claims of sexual assault. *See, e.g., Wood*, 692 F.3d at 1051 (prison officials not liable for sexual assault by guard where prisoner never disclosed guard's actions to prison officials until after the incidents occurred); *see also Khan v. Pantoja*, No. 24-CV-03904 BLF (PR), 2024 WL 4951262, at *3 (N.D. Cal. Dec. 2, 2024) (finding fact that correctional officer had several complaints of sexual misbehavior against him is not sufficient to alert prison official that there existed a serious risk of harm to particular plaintiff). Without more, Plaintiff's conclusory allegations that Pallares failed to "properly investigate prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF" fall short of establishing that Pallares not only knew of a substantial risk of serious harm to Plaintiff but also failed to take measures to abate that risk. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (plaintiff's conclusory allegations were insufficient when they did not include "a *specific* event or events instigated by the Defendants that led to" the constitutional violation). Thus, the FAC also fails to state an Eighth Amendment failure to protect claim against Pallares.

**B. Fourteenth Amendment Bodily Integrity Claim**

Plaintiff's second claim alleges Defendants violated her Fourteenth Amendment right to bodily integrity when they sexually assaulted her. (Doc. No. 10 at 7). However, as Pallares argues, Plaintiff's status as an inmate means that her claim necessarily arises under the Eighth rather than Fourteenth Amendment. As discussed above, the Ninth Circuit has concluded that "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046. "[I]f a constitutional claim is covered by a specific

8

constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Accordingly, Plaintiff's right to bodily integrity claim is more properly analyzed as a claim under the Eighth Amendment and fails for the reasons discussed above—the failure to allege any facts indicating Pallares was involved in her assault. *See Perkins v. Woodford*, 453 F. App'x 711 (9th Cir. 2011) (noting that the district court properly construed state prisoner's Fourteenth Amendment due process claim based on deliberate indifference to his medical needs as an Eighth Amendment claim) (citing *Graham*, 490 U.S. at 395). Consideration of Plaintiff's bodily integrity claim as a claim for cruel and unusual punishment under the Eighth Amendment, rather than as a substantive due process claim under the Fourteenth Amendment, is thus appropriate.

### C. Supervisory Liability Claim

Finally, Plaintiff asserts a supervisory liability claim against Pallares. (Doc. No. 10 at 9-10). Under § 1983, "[g]overnment officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Thus, to show that a supervisor is liable for a constitutional violation, a plaintiff may not rely on the alleged misconduct of the supervisor's subordinates; rather, he "must plead that each Government-official defendant, through the individual's own actions, has violated the Constitution." *Id.*

"A supervisory official is liable under § 1983 [if] there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citation modified). "The requisite causal connection can be established … by setting in motion a series of acts by others… or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (citation modified). "Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his

subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez*, 891 F.3d at 798 (citation modified); *see also Corales v. Bennet*, 567 F.3d 554, 570 (9th Cir. 2009) ("Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.").

Based on the foregoing, a § 1983 claim against a supervisor can proceed so long as the supervisor took or failed to take actions that were casually connected to the alleged harm. Additionally, because this is the pleading stage, Plaintiff need only plead supervisory liability, not prove it.

Here, Plaintiff alleges that Pallares "recklessly and with conscious disregard to known and obvious risks to [Plaintiff's] safety, failed to protect Plaintiff and other inmates from pervasive physical and sexual assaults" and his conduct "amounts to deliberate indifference to the rights of [Plaintiff]." (Doc. No. 10 at 9 ¶¶ 38-39). As Defendant argues, this claim is duplicative of Plaintiff's failure to protect claim and is thus subject to dismissal for the same reasons discussed above.

**D. Qualified Immunity**

Pallares argues he is entitled to qualified immunity on Plaintiff's claims. (Doc. No. 40 at 7, 10-11). Having found the FAC fails to state any claim against Pallares, the undersigned declines to address qualified immunity at this time.

**E. Leave to Amend**

Here, counsel failed to file any opposition to Defendant Pallares' motion to dismiss. Thus, this court may dismiss each of the claims without leave to amend. *Stannard v. State Ctr. Cmty. Coll. Dist.*, No. 1:22-CV-01250 JLT EPG, 2025 WL 2808435, at *29 (E.D. Cal. Oct. 2, 2025) (*citing Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN WVG, 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) ("By failing to respond to the arguments raised by Defendant on these claims, Plaintiff failed to oppose the motion to dismiss these claims. Where a

10

party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate." (citations omitted)).

Nonetheless, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, it is not clear that amendment would not cure the pleading deficiencies in Plaintiff's Eighth Amendment claims against Pallares. Although the FAC contains only vague and conclusory allegation that Pallares "physically and/or sexually assaulted" her, and/or failed to investigate allegations of sexual assault, to the extent Plaintiff can assert facts to support these allegations in a sworn second amended complaint, such would likely be sufficient to state an Eighth Amendment claim against Pallares. Additionally, discovery may subsequently reveal facts that Pallares had notice of the alleged sexual assaults. Thus, the undersigned finds that any dismissal of Plaintiff's Eighth Amendment claims should be without prejudice.

However, leave to amend Plaintiff's Fourteenth Amendment bodily integrity claim is not warranted because amendment would be futile. As discussed above, Plaintiff's claim is properly considered under the Eighth rather than Fourteenth Amendment.

Accordingly, it is **RECOMMENDED**:

1. Defendant's Motion to Dismiss (Doc. No. 40) be **GRANTED**.
2. Plaintiff's First Amended Complaint (Doc. No. 10) be **DISMISSED without prejudice as to Defendant Pallares** with Plaintiff granted leave to file a second amended complaint within twenty-one days of the district court's adoption of these Findings and Recommendations on her Eighth Amendment claims.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

12